UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

FIEDEL BAUTISTA,

        Defendant.

- - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

21 Cr. 117

WHEREAS, on or about February 23, 2021, FIEDEL BAUTISTA (the "Defendant"), was charged in an Information, 21 Cr. 117 (the "Information"), with money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Information, or any property traceable to such property, including but not limited to a sum of $166,000 in United States currency;

WHEREAS, on or about August 12, 2020, the Government seized the following property from a black bag on the floor of the vehicle the Defendant was operating at the time of his arrest: $100,000 in United States currency (the "Specific Property");

WHEREAS, on or about March 12, 2021, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(l): a sum of money equal to $166,000 in United States currency, representing property involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $166,000 in United States currency representing the amount of property involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Josiah Pertz of counsel, and the Defendant, and his counsel, Oriosto Medrano, Esq., that:

1.  As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $166,000 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count One of the Information, shall be entered against the Defendant.

2.  As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, FIEDEL BAUTISTA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty

(30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[THIS SPACE LEFT INTENTIONALLY BLANK]

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: /s/ Josiah Pertz                                    March 12, 2021
    Josiah Pertz                                        DATE
    Assistant United States Attorney
    300 Quarropas Street
    White Plains, NY 10007
    (914) 993-1966

FIEDEL BAUTISTA

By: _____                    7/19/21
    FIEDEL BAUTISTA                                     DATE

By: _____                    7/19/2021
    ORIOSTO MEDRANO, ESQ.                               DATE
    Attorney for Defendant
    One Boston Place, Suite 2600
    Boston, MA 02108
    (617) 519-0604

SO ORDERED:

_____                         7/19/21
HONORABLE VINCENT L. BRICCETTI                          DATE
UNITED STATES DISTRICT JUDGE